DOWNEY BRAND LLP
MATTHEW J. WEBER (Bar No. 227314)
CHRISTOPHER B. BURTON (Bar No. 296582)
3425 Brookside Road, Suite A
Stockton, CA 95219-1757
Telephone:   (209) 473-6450
Facsimile:    (209) 473-6455
mweber@downeybrand.com
cburton@downeybrand.com

Attorneys for Defendant
LENNOX INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T&M SOLAR AND AIR CONDITIONING INC., a California Corporation, JEREMY AND SABRINA NEWBERRY, ANDREW AND MAITHO HAYZEL CHAN,<br><br>Plaintiffs,<br><br>v.<br><br>LENNOX INTERNATIONAL INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 3:14-cv-05318-JSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)**<br><br>Date           January 15, 2015<br>Time:         9:00 a.m.<br>Courtroom: F<br>Judge:        Hon. Jacqueline Scott Corley |

## I.  INTRODUCTION

Plaintiff T&M SOLAR AND AIR CONDITIONING INC. ("T&M"), has instituted this action in the wrong venue. In Plaintiffs' Verified Complaint for Damages (the "Complaint"), T&M asserts allegations arising from their business relationship and account with Defendant LENNOX INTERNATIONAL INC. ("Lennox" or "Defendant"). The business relationship between T&M and Lennox commenced with the execution and approval of a credit application, signed by T&M. Attached to the credit application were the terms and conditions of sale for Lennox. The terms and conditions, which bind T&M, clearly state that all legal actions shall be brought in Dallas County, Texas. However, in contravention of this explicit forum selection clause, T&M filed the instant lawsuit in the Superior Court of California, Contra Costa County,

prior to Lennox's removal of the action to this Court. Therefore, T&M originated this action in the incorrect forum. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(3), this Court should dismiss T&M's claims for improper venue, or, in the alternative, transfer this action to the United States District Court, Northern District of Texas, Dallas Division, the federal district court that encompasses Dallas County, Texas.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2013, T&M Heating and Air Specialist, a general partnership ("T&M Heating"), completed a credit application with Lennox (the "Original Credit Application"). Declaration of Mary Engebretsen ("Engebretsen Decl."), ¶ 4 and Exh. A. The Original Credit Application was signed by Takayuki Yoshihama ("Mr. Yoshihama"), as general partner of T&M Heating. *Id.* The Original Credit Application was approved by Lennox on or about February 25, 2013, and an account was opened in the name of T&M Heating (the "T&M Account") under account number C21143. *Id.* at ¶ 5 and Exh. B. In October 2013, T&M Heating requested that the account name be changed from T&M Heating to T&M Solar and Air Conditioning, Inc. ("T&M Solar"). *Id.* at ¶ 6. Because the entity form was changing, T&M Heating was required to sign a new credit application. *Id.* Therefore, on October 3, 2013, T&M Solar signed another credit application (the "New Credit Application"). *Id.* at ¶ 6 and Exh. C. The New Credit Application was also signed by Mr. Yoshihama. *Id.*

Both credit applications contained Lennox's Terms and Conditions of Sale (the "Lennox Terms"). *Id.* at ¶ 7 and Exh. D. The Lennox Terms provide that "Seller and Purchaser agree that any suit or legal action brought by either party against the other arising as a result of the account and/or business relationship between Seller and Purchaser shall be brought in a Court of competent jurisdiction located in Dallas County, Texas." *Id.* at ¶ 8.

T&M, along with Plaintiffs, JEREMY and SABRINA NEWBERRY, and ANDREW and MAITHO HAZYEL CHAN, filed the Complaint in the Superior Court of California, County of Contra Costa, on October 27, 2014. In the Complaint, T&M asserts causes of action for negligence, breach of contract, breach of implied contract, breach of warranties, and fraud. See Complaint. T&M's claims arise from alleged deficiencies in certain products sold by Lennox to

1  T&M, pursuant to their business relationship that commenced with the execution of the Original
2  Credit Application. *Id.* In particular, T&M alleges that certain solar home energy systems sold
3  by Lennox failed to meet the requirements of the National Electric Code and were therefore
4  useless to T&M and its customers. *Id.* On December 3, 2014, Defendant removed the action to
5  this Court based on diversity of citizenship under 28 U.S.C. section 1332.

### III.  LEGAL ARGUMENT

**A.  Legal Standard**

"Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Id.* "The court, however, need not accept the plaintiff's legal conclusions as true." *Id.* at 277. "To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." *Id.*

**B.  T&M and Lennox Selected Dallas County, Texas, as the Exclusive Forum for the Resolution of Disputes; Therefore, This Court Should Dismiss T&M's Claims, or, In the Alternative, Transfer the Action to the Northern District of Texas.**

The Lennox Terms contain a forum selection clause, binding on T&M, that mandates that "any suit or legal action brought by either party against the other arising as a result of the account and/or business relationship between [Lennox] and [T&M] shall be brought in a Court of competent jurisdiction located in Dallas County, Texas." Engebretsen Decl., ¶ 8 and Exh. D.  As such, because this lawsuit was commenced in the wrong forum, this Court should dismiss T&M's claims under Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, transfer T&M's claims to the United States District Court, Northern District of Texas, Dallas Division.

It is well settled that the parties to a contract may designate a forum in which any litigation is to take place. Litigation commenced elsewhere, in turn, may be subject to dismissal for improper venue. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *TAAG Linchas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990).

Notwithstanding issues of contractual interpretation, in a diversity case, as here, federal law governs the validity and effect of such forum selection clauses since forum selection is a venue matter. *Manetti-Farrow, Inc. v. Gucci American Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Under federal law, forum selection clauses are presumed valid. Thus, enforcement will be ordered unless it would clearly be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.*, 407 US 1, 15 (1972). Further, the Ninth Circuit has held that a forum selection clause is grounds for a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). Alternatively, if the court determines that venue is improper, it may transfer the case to any district in which it could have originally been instituted. *See* 28 U.S.C. § 1406(a) (2014); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Here, T&M and Lennox have agreed to litigate all disputes in Dallas County, Texas. T&M executed a credit application that included a forum selection clause as part of the attached terms and conditions of sale. The forum selection provision clearly provides that all legal actions arising from T&M's account and business relationship with Lennox shall be brought in a court of competent jurisdiction in Dallas County, Texas. Instead, T&M chose to institute this action in the State of California. The forum selection clause is a standard provision and is in no way unreasonable or unjust, nor does the provision constitute fraud or overreaching.

Further, all of T&M's claims arise from alleged deficiencies in products sold by Lennox to T&M under T&M's account with Lennox, as evidenced by invoices attached to the Complaint as Exhibit A.[1] Therefore, T&M's claims in this action are subject to the forum selection clause and should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). In the alternative, if this Court chooses not to dismiss T&M's claims, then the claims should be transferred to the federal district court that encompasses Dallas County, Texas, which is the United States District Court, Northern District of Texas, Dallas Division.

---

[1] The account number listed on the invoices attached to the Complaint (C21143) is the same as the account opened following Lennox's approval of the Original Credit Application. *See* Complaint, Exh. A, and Engebretsen Decl., ¶ 5 and Exh. B.

1

## IV. CONCLUSION

2  Based on the foregoing, Lennox respectfully requests this Court grant its Motion to
3  Dismiss for improper venue, or, in the alternative, transfer the claims brought by T&M to the
4  United States District Court, Northern District of Texas, Dallas Division.

5  DATED: December 10, 2014                    DOWNEY BRAND LLP

6

7                                              By:_____/s/ Matthew J. Weber_____
                                                      MATTHEW J. WEBER
8                                                     Attorney for Defendant
                                                      LENNOX INTERNATIONAL INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1392077.1                                          5

**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION TO DISMISS UNDER FRCP 12(b)(3)**