DOWNEY BRAND LLP
MATTHEW J. WEBER (Bar No. 227314)
CHRISTOPHER B. BURTON (Bar No. 296582)
3425 Brookside Road, Suite A
Stockton, CA 95219-1757
Telephone:    (209) 473-6450
Facsimile:    (209) 473-6455
mweber@downeybrand.com
cburton@downeybrand.com

Attorneys for Defendant
LENNOX INTERNATIONAL INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T&M SOLAR AND AIR CONDITIONING INC., a California Corporation, JEREMY AND SABRINA NEWBERRY, ANDREW AND MAITHO HAYZEL CHAN,<br><br>          Plaintiffs,<br><br>     v.<br><br>LENNOX INTERNATIONAL INC., and DOES 1 through 20, inclusive,<br><br>          Defendants. | CASE NO. 3:14-cv-05318-JSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CLAIMS OF PLAINTIFFS, JEREMY AND SABRINA NEWBERRY, AND ANDREW AND MAITHO HAYZEL CHAN**<br><br>Date:       March 11, 2015<br>Time:       9:00 a.m.<br>Courtroom: F<br>Judge:     Hon. Jacqueline Scott Corley |

DOWNEY BRAND LLP

1394614.2

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND........................................ 1

III.  LEGAL ARGUMENT ..................................................................................... 2

    A.  Plaintiffs' Amended Complaint Must Set Forth Facts Supporting A Cognizable Legal Theory................................................................... 2

    B.  Plaintiffs Fail to State a Claim for Breach of Implied Contract............................ 3

        1.  Plaintiffs Fail to Adequately Plead the Existence of Any Contract With Lennox............................................................................ 4

        2.  Plaintiffs Fail to Plead Any Conduct of Lennox That Would Support an Implied Contract ....................................................... 5

    C.  Plaintiffs Fail to State a Claim for Breach of Warranties ...................................... 6

        1.  Plaintiffs Fail to Adequately Plead Privity of Contract Between Plaintiffs and Lennox ....................................................... 6

        2.  Plaintiffs Fail to Identify the Exact Terms of the Alleged Express Warranties ............................................................................ 7

        3.  Plaintiffs Fail to State a Claim for Breach of the Implied Warranty of Fitness for a Particular Purpose .............................. 8

        4.  Plaintiffs Fail to State a Claim for Breach of the Implied Warranty of Merchantability................................................... 9

    D.  Plaintiffs Fail to State a Claim for Fraud ..................................................... 10

        1.  Plaintiffs' Fraud Claim is Precluded by the Economic Loss Rule............ 10

        2.  Heightened Pleading Standard ................................................... 13

        3.  Plaintiffs Fail to Plead Fraud With Particularity....................... 14

IV.  CONCLUSION.................................................................................... 16

DOWNEY BRAND LLP

i

# TABLE OF AUTHORITIES

Page

## FEDERAL COURT CASES

*Alvarado Orthopedic Research, L.P. v. Linvatec Corp.,*
2011 WL 3703192 (S.D. Cal. Aug. 23, 2011) ................................................................ 11

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ................................................................................................... 2, 3

*Associated Gen. Contractors v. Cal. State Council,*
459 U.S. 519 (1983) ....................................................................................................... 3

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ................................................................................................... 2, 3

*Cardenas v. NBTY, Inc.,*
870 F. Supp. 2d 984 (E.D. Cal. 2012) ........................................................................ 14

*Clemens v. DaimlerChrysler Corp.,*
534 F.3d 1017 (9th Cir. 2008) ................................................................................... 6, 7

*Cooper v. Pickett,*
137 F.3d 616 (9th Cir. 1997) ...................................................................................... 14

*Country Nat'l Bank v. Mayer,*
788 F. Supp. 1136 (E.D. Cal. 1992) .............................................................................. 3

*Elias v. Hewlett-Packard Co.,*
903 F. Supp. 2d 843 (N.D. Cal. 2012) .................................................................... 7, 10

*Everest & Jennings, Inc. v. American Motorists Ins. Co.,*
23 F.3d 226 (9th Cir. 1994) ........................................................................................... 3

*Frenzel v. AliphCom,*
2014 WL 7387150 (N.D. Cal. Dec. 29, 2014) .............................................................. 8

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,*
996 F. Supp. 2d 942 (S.D. Cal. 2014) ........................................................................ 11

*Intelligraphics, Inc. v. Marvell Semiconductor, Inc.,*
2009 WL 330259 (N.D. Cal. Feb. 10, 2009) .............................................................. 12

*Kaplan v. Rose,*
49 F.3d 1363 (9th Cir. 1994) ...................................................................................... 14

*Kennedy v. World Alliance Financial Corp.,*
792 F. Supp. 2d 1103 (E.D. Cal. 2011) ...................................................................... 14

*Kent v. Hewlett–Packard Co.,*
2010 WL 2681767 (N.D. Cal. July 6, 2010) ................................................................. 9

*Margarita Cellars v. Pacific Coast Packaging, Inc.,*
189 F.R.D. 575 (N.D. Cal. 1999) .................................................................................. 6

*Martinez v. Welk Grp., Inc.,*
907 F. Supp. 2d 1123 (S.D. Cal. 2012) ...................................................................... 11

*Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.,*
629 F. Supp. 2d 1135 (E.D. Cal. 2009) ...................................................................... 11

ii

DOWNEY BRAND LLP

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001).................................................................. 2

*NuCal Foods, Inc. v. Quality Egg LLC,*
918 F. Supp. 2d 1023 (E.D. Cal. 2013)........................................ 10, 11, 13

*Rich Products Corp. v. Kemutec, Inc.,*
66 F. Supp. 2d 937 (E.D. Wis. 1999)..................................................... 11

*Rockridge Trust v. Wells Fargo, N.A.,*
985 F. Supp. 2d 1110 (N.D. Cal. 2013) ................................................ 10

*Sanders v. Apple Inc.,*
672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................... 7

*Smith v. LG Electronics U.S.A., Inc.,*
2014 WL 989742 (N.D. Cal. Mar. 11, 2014).......................................... 8

*Sprewell v. Golden State Warriors,*
266 F.3d 979 (9th Cir. 2001)................................................................... 3

*Stearns v. Select Comfort Retail Corp.,*
2009 WL 1635931 (N.D. Cal. June 5, 2009) .............................. 8, 12, 13

*U.S. ex rel Oliver v. Parsons Co.,*
195 F.3d 457 (9th Cir. 1999).............................................................. 4, 6

*Vess v. Ciba,*
317 F.3d 1097 (9th Cir. 2003) .............................................................. 14

*Western Mining Council v. Watt,*
643 F.2d 618 (9th Cir. 1981)................................................................... 3

## STATE COURT CASES

*Am. Suzuki Motor Corp. v. Superior Court,*
37 Cal. App. 4th 1291, 1295 n.2 (Cal. Ct. App. 1995) ........................ 8, 9

*Burr v. Sherwin Williams Co.,*
42 Cal. 2d 682 (Cal. 1954)...................................................................... 6

*Bush v. Lane,*
161 Cal. App. 2d 278 (Cal. Ct. App. 1958) ............................................ 4

*Cal. Emergency Physicians Med. Group v. Pacificare of Cal.,*
111 Cal. App. 4th 1127 (Cal. Ct. App. 2003) ..................................... 3, 4

*Chandler v. Roach,*
156 Cal. App. 2d 435 (Cal. Ct. App. 1957) ............................................ 3

*Food Safety Net Services v. Eco Safe Systems USA, Inc.,*
209 Cal. App. 4th 1118, 1130 n.4 (Cal. Ct. App. 2012) .................. 11, 13

*Grant v. Long,*
33 Cal. App. 2d 725 (Cal. Ct. App. 1939) .............................................. 4

*Hinesley v. Oakshade Town Ctr.,*
135 Cal. App. 4th 289 (Cal. Ct. App. 2005) ......................................... 10

*Medina v. Van Camp Sea Food Co.,*
75 Cal. App. 2d 551 (Cal. Ct. App. 1946) .............................................. 4

DOWNEY BRAND LLP

iii

**TABLE OF AUTHORITIES**
(continued)

Page

*Mexia v. Rinker Boat Co.,*
174 Cal. App. 4th 1297 (Cal. Ct. App. 2009) .................................................. 10

*Robinson Helicopter Co. v. Dana Corp.,*
34 Cal. 4th 979 (Cal. 2004) ................................................................ 11, 12

*San Francisco Unified Sch. Dist. v. W.R. Grace & Co.,*
37 Cal. App. 4th 1318, 1327 n.5 (Cal. Ct. App. 1995) ................................. 11

*Small v. Fritz Cos., Inc.,*
30 Cal. 4th 167 (Cal. 2003) .................................................................. 14

*Varni Bros. Corp. v. Wine World, Inc.,*
35 Cal. App. 4th 880 (Cal. Ct. App. 1995) ....................................... 4, 5, 6

*Wall St. Network, Ltd. v. New York Times Co.,*
164 Cal. App. 4th 1171 (Cal. Ct. App. 2008) ......................................... 3

*Weinstat v. Dentsply Int'l, Inc.,*
180 Cal. App. 4th 1213 (Cal. Ct. App. 2010) ........................................ 7

*Williams v. Beechnut Nutrition Corp.,*
185 Cal. App. 3d 135 (Cal. Ct. App. 1986) ........................................... 7

*Yari v. Producers Guild of Am., Inc.,*
161 Cal. App. 4th 172 (Cal. Ct. App. 2008) ......................................... 3

*Youngman v. Nevada Irrigation Dist.,*
70 Cal. 2d 240 (Cal. 1969) ........................................................... 4, 6

**FEDERAL STATUTORY AUTHORITIES**

28 U.S.C. Section 1332 ....................................................................... 2

**STATE STATUTORY AUTHORITIES**

Cal. Civ. Code § 1621 ......................................................................... 4

**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P. 9(b) ........................................................................ 13, 14

Fed. R. Civ. P. 12(b)(6) .......................................................... 1, 2, 3, 16

DOWNEY BRAND LLP

iv

DOWNEY BRAND LLP

## I.     **INTRODUCTION**

The individual Plaintiffs in this lawsuit, JEREMY and SABRINA NEWBERRY (the "Newberrys"), and ANDREW and MAITHO HAZYEL CHAN (the "Chans") (collectively, "Plaintiffs"), have failed to plead any claim upon which relief can be granted in their First Amended Verified Complaint for Damages (the "Amended Complaint"). Plaintiffs have failed to sufficiently plead that they are in contractual privity with Lennox, or that Lennox made certain alleged representations to Plaintiffs. Instead, Plaintiffs' claims piggyback on the claims of Lennox's distributor, Plaintiff, T&M SOLAR AND AIR CONDITIONING INC. ("T&M"), and rely on certain factual allegations that pertain to T&M only.

First, Plaintiffs' breach of implied contract claim fails because there was no agreement, express or implied, with the Newberrys or the Chans. Any agreement involving Lennox was with T&M only. Further, Plaintiffs have failed to plead any <u>conduct</u> of Lennox that would give rise to a breach of an implied agreement, an element the cause of action requires. Plaintiffs' cause of action for breach of warranties similarly fails. Plaintiffs have not adequately pled contractual privity with Lennox, and have failed to plead the specific terms of any warranty. Plaintiffs also fail to adequately plead the elements of the implied warranties of fitness for a particular purpose and merchantability. Finally, Plaintiffs' fraud cause of action fails to meet the heightened pleading standard required when asserting a fraud claim and is precluded by the economic loss doctrine. All claims of the individual Plaintiffs fail to state a claim upon which relief can be granted and should be dismissed by the Court pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     **FACTUAL AND PROCEDURAL BACKGROUND**

Starting in 2013, T&M, a corporation that installs solar, heating, and air conditioning systems, entered into a contract with Lennox for the sale of certain products. *See* Am. Compl., ¶¶ 5, 31. T&M thereafter began ordering and purchasing solar Enphase SunSource home energy systems and Enphase SunSource commercial energy systems (the "Systems") from Lennox. *Id.* at ¶ 9. As alleged in the Amended Complaint, T&M sought clientele to purchase the Systems and ordered Systems for six different clients. *Id.* at ¶¶ 9, 12. These customers included Plaintiffs, the

1394614.2

1

1  Newberrys and the Chans. *Id.* at ¶¶ 5, 19, 22. Specifically, T&M ordered and purchased a

2  System for the Newberrys, consisting of 200 total solar panels, to be installed in their home. *Id.*

3  at ¶¶ 5, 19. In 2013, T&M also ordered and purchased a System for the Chans, to be installed at

4  Mr. Chan's dental practice. *Id.* at ¶¶ 5, 22.

5        On October 27, 2014, Plaintiffs, along with T&M, filed their Verified Complaint for

6  Damages in the Superior Court of California, County of Contra Costa. On December 3, 2014,

7  Defendant removed the action to this Court based on diversity of citizenship under 28 U.S.C.

8  section 1332. (Doc. No. 1). On December 10, 2014, Defendant filed two separate motions to

9  dismiss the claims of all Plaintiffs. (Doc. Nos. 4, 7). Seemingly in response to the motions to

10  dismiss, Plaintiffs filed the Amended Complaint on December 24, 2014. (Doc. No. 16).

11        In the Amended Complaint, Plaintiffs assert causes of action against Defendant for breach

12  of implied contract, breach of warranties, and fraud. *See generally* Am. Compl. Plaintiffs'

13  claims arise from alleged deficiencies in the Systems sold by Lennox to T&M. *Id.* In particular,

14  the Systems ordered and purchased from T&M by Plaintiffs were unable to be installed due to

15  their alleged failure to meet the requirements of the National Electric Code ("NEC") and were

16  therefore useless to Plaintiffs. *Id.* Although Plaintiffs were not customers of Lennox, they now

17  claim that they have been damaged by the alleged acts of Lennox. *Id.* at ¶¶ 28-29.

18                **III.**    **LEGAL ARGUMENT**

19  **A.**    **Plaintiffs' Amended Complaint Must Set Forth Facts Supporting A Cognizable**

20       **Legal Theory.**

21        Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint when a

22  plaintiff has not pled a cognizable legal theory or sufficient facts to support a cognizable legal

23  theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a

24  plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

25  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662,

26  678 (2009). Claims for relief are plausible only when the plaintiff alleges facts sufficient to

27  "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

28  alleged." *Id.* at 678. For purposes of a motion to dismiss, the court must construe the complaint

DOWNEY BRAND LLP

in the light most favorable to the plaintiff. *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). However, the court cannot assume that the plaintiff can prove facts that have not been specifically alleged. *Country Nat'l Bank v. Mayer*, 788 F. Supp. 1136, 1139 (E.D. Cal. 1992) (citing *Associated Gen. Contractors v. Cal. State Council*, 459 U.S. 519, 526 (1983)).

The court also cannot accept as true unreasonable inferences, allegations that are merely conclusory, unwarranted deductions of fact, or legal conclusions cast in the form of factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Thus, a complaint which contains mere "labels and conclusions," "naked assertions," or a "formulaic recitation of the elements of a cause of action" cannot survive a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 553-55; *Iqbal*, 556 U.S. at 678. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 677-78.

**B.      Plaintiffs Fail to State a Claim for Breach of Implied Contract.**

Plaintiffs assert a claim for breach of implied contract in the Amended Complaint's second cause of action. There are four essential elements to a breach of contract claim: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (Cal. Ct. App. 2008). "A cause of action for breach of implied contract has the same elements . . . except that the promise is not expressed in words but is implied from the promisor's conduct." *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (Cal. Ct. App. 2008) (citing *Chandler v. Roach*, 156 Cal. App. 2d 435, 440 (Cal. Ct. App. 1957)). Put differently, an implied contract "consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words." *Cal. Emergency Physicians Med. Group v. Pacificare of Cal.*, 111 Cal. App. 4th 1127, 1134 (Cal. Ct. App. 2003). An implied contract is inferred from the conduct, situation, or mutual relations of parties, and

DOWNEY BRAND LLP

1    enforced by the law on grounds of justice. *Bush v. Lane*, 161 Cal. App. 2d 278, 279 (Cal. Ct.

2    App. 1958); *Medina v. Van Camp Sea Food Co.*, 75 Cal. App. 2d 551, 553-54 (Cal. Ct. App.

3    1946); *Grant v. Long*, 33 Cal. App. 2d 725, 736 (Cal. Ct. App. 1939).

4        California Civil Code section 1621 provides that "[a]n implied contract is one, the

5    existence and terms of which are manifested by conduct." Civ. Code § 1621. For example, an

6    implied contract may be found based on a course of conduct such as distributing products for a

7    producer for many years (*see Varni Bros. Corp. v. Wine World, Inc.*, 35 Cal. App. 4th 880 (Cal.

8    Ct. App. 1995)) or an announced practice of increasing wages (*Youngman v. Nevada Irrigation

9    Dist.*, 70 Cal. 2d 240 (Cal. 1969). *See also U.S. ex rel Oliver v. Parsons Co.*, 195 F.3d 457 (9th

10   Cir. 1999) (contract found based on parties' continued performance after contract expiration). In

11   order to plead a cause of action for implied contract, "the facts from which the promise is implied

12   must be alleged." *Cal. Emergency Physicians Med. Group*, 111 Cal. App. 4th at 1134. Here,

13   Plaintiffs have failed to adequately plead the existence of any contract between Plaintiffs and

14   Lennox, nor have they pled any conduct of Lennox that would support or allegedly create an

15   implied contract.

16       *1.    Plaintiffs Fail to Adequately Plead the Existence of Any Contract With Lennox.*

17       Despite its contentions, Plaintiffs fail to adequately plead the existence of a contract,

18   express or implied, between Plaintiffs and Defendant. Instead, the only contract at issue in the

19   Amended Complaint is the alleged agreement between Lennox and T&M to order and purchase

20   the Systems. Plaintiffs, as  customers of T&M, did not contract directly with Lennox. In the

21   Amended Complaint, Plaintiffs allege that they "agreed to purchase the systems from [Lennox]."

22   Am. Compl., ¶ 42. This is wrong and contradicted by other allegations in the Amended

23   Complaint. The Amended Complaint clearly alleges that Plaintiffs agreed to purchase the

24   Systems from T&M, with T&M purchasing the Systems from Lennox.

25       In the Amended Complaint, Plaintiffs assert that "[i]n or about July of 2013 Lennox

26   representatives worked with *Plaintiff T&M* and *Plaintiff T&M* began submitting orders to

27   Defendant Lennox for [the Systems]" and that "*Plaintiff T&M* ordered and paid for Systems for 6

28   separate clients at 6 separate properties." *Id.* at ¶¶ 9, 12 (emphasis added). Further, Plaintiffs

DOWNEY BRAND LLP

concede in the Amended Complaint that "*Plaintiff T&M* ordered and purchased a home system for his client, the Newberrys," that the Newberrys purchased their system "through *Plaintiff T&M*," and that the Chans "authorized *Plaintiff T&M* to order and purchased [sic] a commercial system" for the Chans. *Id.* at ¶¶ 19, 22 (emphasis added). Therefore, as Plaintiffs' allegations make clear, any purported contract was between Lennox and T&M only. Accordingly, because Plaintiffs have failed to properly plead an implied contract between Plaintiffs and Lennox, let alone any contract whatsoever, this Court should dismiss Plaintiffs' claim for breach of implied contract for failure to state a claim upon which relief can be granted.

### 2.   *Plaintiffs Fail to Plead Any Conduct of Lennox That Would Support an Implied Contract.*

As discussed above, an implied contract is a contract manifested by conduct, and not by words. In the Amended Complaint, Plaintiffs have failed to allege any <u>conduct</u> by Lennox that supports its allegation that there was any agreement between the parties, which is required to properly plead an implied contract. Instead, Plaintiffs only allege oral and written statements made by Lennox. Stated more specifically, Plaintiffs' breach of implied contract claim is based on certain "representations" and "assurances" allegedly made by Lennox pertaining to the operation of the Systems and Lennox's purported agreement to correct certain problems with the Systems. Such statements amount to "words" and cannot form the basis for an implied contract.

Plaintiffs' allegations in the Amended Complaint include statements that a Lennox representative "*called* Jeremy Newberry on the phone . . . and *told* Jeremy Newberry that the home system could be installed at his home and guaranteed the products [sic] success" and that Lennox "assured the Chans that their product would work and be possible at their location." Am. Compl., ¶¶ 18, 22 (emphasis added). Further, a Lennox representative allegedly "*told* the Newberrys that he would provide the Newberrys with $60,000.00 from the Defendant" in order to remedy an alleged issue with the product, and Lennox "*told* the Chans they would take responsibility for the failure of their system to work." *Id.* at ¶¶ 20, 25 (emphasis added). Such allegations, which serve as the grounds for Plaintiffs' breach of implied contract claim, clearly amount to "words," and not a course of conduct by Lennox. *See Varni Bros. Corp.*, 35 Cal. App.

DOWNEY BRAND LLP

4th 880; *Youngman*, 70 Cal. 2d 240; *U.S. ex rel Oliver*, 195 F.3d 457.  Plaintiffs further claim that Lennox represented their equipment as compliant with the NEC on a written inspection form.  *See id.* at ¶ 22.  Such written statements also do not amount to conduct.  Therefore, because the alleged representations made by Lennox were strictly oral and written in nature, and not "conduct," Plaintiffs have not met the threshold pleading requirements for an implied contract.  This Court should dismiss Plaintiffs' claim for breach of implied contract for failure to state a claim upon which relief can be granted.

### C.     Plaintiffs Fail to State a Claim for Breach of Warranties.

Plaintiffs allege a claim for breach of warranties in the Amended Complaint's third cause of action.  Specifically, Plaintiffs allege that Defendant has breached express warranties, along with the implied warranties of merchantability and fitness for a particular purpose.  Plaintiffs fail to allege privity with Lennox, specify the alleged terms of the warranties, or meet other threshold requirements to state a claim for breach of either express or implied warranties.

### 1.     *Plaintiffs Fail to Adequately Plead Privity of Contract Between Plaintiffs and Lennox.*

Plaintiffs fail to adequately plead a cause of action for breach of express or implied warranties because Plaintiffs did not purchase products directly from Lennox, and therefore were not in privity of contract with Lennox.  The "general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale."  *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (Cal. 1954); *see also Margarita Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 580 (N.D. Cal. 1999) (dismissing warranty claim based on plaintiff's failure to allege privity or a recognized exception).  In other words, a "plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).  "A buyer and seller stand in privity if they are in adjoining links of the distribution chain."  *Id.*  Thus, an end consumer "who buys from a retailer is not in privity with a manufacturer."  *Id.*

///

DOWNEY BRAND LLP

Here, Plaintiffs have not adequately pled vertical contractual privity with Lennox. Indeed, as addressed previously, the Amended Complaint demonstrates that only "Plaintiff T&M ordered and purchased" the pertinent products from Lennox. *See* Am. Compl., ¶ 9. Accordingly, Plaintiffs and Lennox are not in "adjoining links of the distribution chain." *Clemens*, 534 F.3d at 1023. Although particularized exceptions to the privity requirement exist, Plaintiffs do not allege that any of those exceptions apply to the instant matter. Consequently, Plaintiffs fail to state a claim for either breach of express warranty or breach of implied warranties, since they do not stand in contractual privity with Lennox.

### 2. *Plaintiffs Fail to Identify the Exact Terms of the Alleged Express Warranties.*

To prevail on a breach of express warranty claim, a plaintiff "must prove: (1) 'the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 849 (N.D. Cal. 2012) (quoting *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (Cal. Ct. App. 2010)). Further, such a claim "must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (Cal. Ct. App. 1986); *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 986-87 (N.D. Cal. 2009).

Plaintiffs' conclusory allegations and bare assertions contained in the Amended Complaint fail to identify the "exact terms of the warranty" required to state a claim for relief. For example, Plaintiffs' claims that Lennox represented that "the systems would not have any issues," that Lennox "stood by their product 100%," and "that the equipment would function and be installed without any issues" fall far short of a description of the exact terms of the alleged express warranties. *See* Am. Compl., ¶¶ 54-55. In particular, Plaintiffs have not specified the "issues" Lennox purportedly warranted against or how exactly Lennox "stood by their product." Further, Plaintiffs allege that Lennox expressly warranted that the Systems would meet the NEC requirements. However, the only basis for such an assertion is the allegation that Lennox stated on an inspection form completed by T&M that the equipment met all NEC requirements. *See id.*

DOWNEY BRAND LLP

1   at ¶ 22. Clearly, any representations made on such a form were communicated to T&M only, as

2   the form was completed by T&M as a part of their inspection of their clients' premises.

3   Therefore, as Plaintiffs admit, any such warranties were not expressed to Plaintiffs themselves.

4       Further, Plaintiffs fail to plead that the alleged express warranties served as a basis of the

5   bargain between Plaintiffs and Lennox. Accordingly, for the aforementioned reasons, Plaintiffs'

6   claim for breach of express warranties should be dismissed for failure to state a claim upon which

7   relief can be granted.

8       **3.      *Plaintiffs Fail to State a Claim for Breach of the Implied Warranty of Fitness
        for a Particular Purpose.***

9

10      In the Amended Complaint, Plaintiffs allege that Defendant breached the implied

11  warranty of fitness for a particular purpose. "[A]n implied warranty of fitness for a particular

12  purpose exists if at the time of contracting the seller knows or has reason to know that the buyer is

13  relying on the seller's skill or judgment to select or to furnish suitable goods for certain purpose."

14  *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *7 (N.D. Cal. June 5, 2009). To

15  prevail on a claim for breach of an implied warranty of fitness, the plaintiff must establish the

16  following elements: "(1) at the time of purchase the buyer intended to use the goods for a

17  particular purpose; (2) at the time of purchase, the manufacturer or seller had reason to know of

18  this particular purpose; (3) the buyer relied on the manufacturer or seller to use its skill or

19  judgment to select goods suitable for the particular purpose; and (4) at the time of purchase, the

20  manufacturer or seller had reason to know that the buyer relied on such skill and judgment." *Id.*;

21  *see also Frenzel v. AliphCom*, 2014 WL 7387150, at *16 (N.D. Cal. Dec. 29, 2014).

22      "'A "particular purpose" differs from the ordinary purpose for which the goods are used in

23  that it envisages a specific use by the buyer which is peculiar to the nature of his business

24  whereas the ordinary purposes for which goods are used are those envisaged in the concept of

25  merchantability and go to uses which are customarily made of the goods in question.'" *Stearns*,

26  2009 WL 1635931, at *7 (quoting *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th

27  1291, 1295 n.2 (Cal. Ct. App. 1995); *see also Smith v. LG Electronics U.S.A., Inc.*, 2014 WL

28  989742, at *8 (N.D. Cal. Mar. 11, 2014) ("[P]laintiff has identified no particular purpose for

DOWNEY BRAND LLP

which she purchased the washing machine. She purchased it to wash her laundry, which is the ordinary purpose of a washing machine.") (internal quotation marks omitted); *Kent v. Hewlett–Packard Co.*, 2010 WL 2681767, at *5 (N.D. Cal. July 6, 2010) ("Plaintiffs have not alleged that they used the computers . . . for anything other than their ordinary purpose. Thus, plaintiffs have not stated a claim for breach of an implied warranty for a particular purpose."); UCC § 2–315, Official Comment 2 ("For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.")

Plaintiffs fail to allege a use which is "peculiar to the nature of [their] business" or the intended use of the Systems. Instead, Plaintiffs allege that Lennox represented that "the systems would not have any issues, that Lennox stood by their product 100% and that if there were any issues that Lennox would take full responsibility. *See* Am. Compl., ¶ 54. Nowhere in the Amended Complaint do Plaintiffs allege that the Systems were to be used for a purpose other than their customary use. As Plaintiffs concede in the Amended Complaint, the Systems were meant to be used as solar energy systems created to run electrical systems through a building's air conditioner. *See id.* at ¶ 9. Plaintiffs do not allege any varying uses in the Amended Complaint. Therefore, no "particular purpose" existed for Plaintiffs' use of the Systems, which undercuts all elements of a cause of action for breach of the implied warranty of fitness for a particular purpose. Accordingly, Plaintiffs have failed to state a claim for breach of the implied warranty of fitness for a particular purpose.

### 4. *Plaintiffs Fail to State a Claim for Breach of the Implied Warranty of Merchantability.*

In the Amended Complaint, Plaintiffs allege that Defendant breached the implied warranty of merchantability. The implied warranty of "'[m]erchantability' generally has been construed as a requirement that a product conforms to its ordinary and intended use." *Stearns*, 2009 WL 1635931, at *7. "This implied warranty does not 'impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality.'" *Id.* (quoting *Am. Suzuki Motor Corp.*, 37 Cal. App. 4th at 1295). "'The core test of

merchantability is fitness for the ordinary purpose for which such goods are used.'" *Elias*, 903 F. Supp. 2d at 852 (quoting *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1303 (Cal. Ct. App. 2009)). "'Such fitness is shown if the product is in safe condition and substantially free of defects . . . .'" *Id.* (quoting *Mexia*, 174 Cal. App. 4th at 1303).

Here, Plaintiffs have failed to adequately plead that the Systems are not suitable for their ordinary purpose. Instead, Plaintiffs simply allege that "the equipment provided did not meet the N.E.C. requirements and could not be installed or function as promised by [Lennox]." *See* Am. Compl., ¶ 55. Any alleged promises of Lennox are related purely to express warranties. Further, the fact that the Systems allegedly did not meet the NEC requirements does not render the products inoperable for their customary purpose. A failure to comply with certain standards does not necessarily mean that the product cannot operate as intended. For example, as conceded by Plaintiffs, even if the Systems were not in compliance with the NEC, they could still operate as traditional solar panel systems do through the electrical panel. *See id.* at ¶ 14. Therefore, Plaintiffs admit that the Systems are still "merchantable." Further, Plaintiffs fail to allege that the Systems are not in a safe condition and not substantially free of defects. Accordingly, Plaintiffs' claim for breach of the implied warranty of merchantability should be dismissed.

## D.     Plaintiffs Fail to State a Claim for Fraud.

Plaintiffs allege fraud in the Amended Complaint's fourth cause of action. The elements of a fraud claim are: "'(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1164 (N.D. Cal. 2013) (quoting *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294-95 (Cal. Ct. App. 2005)). Plaintiffs' claim for fraud fails to adequately plead many of the elements of a fraud cause of action. Specifically, Plaintiffs' fraud claim fails to adequately plead damages as the claimed damages are precluded by the economic loss doctrine.

### 1.     *Plaintiffs' Fraud Claim is Precluded by the Economic Loss Rule.*

"Generally, purely economic losses are not recoverable in tort." *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013). In other words, "the economic

loss rule 'prevent[s] the law of contract and the law of tort from dissolving one into the other.'"

*Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (Cal. 2004) (quoting *Rich Products Corp. v. Kemutec, Inc.*, 66 F. Supp. 2d 937, 969 (E.D. Wis. 1999)).

"Under California law, the economic loss doctrine bars tort claims based on the same facts and damages as breach of contract claims." *Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1134 (S.D. Cal. 2012). "Thus, 'conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law' and 'exposes a plaintiff to liability for personal damages independent of the plaintiff's economic loss.'" *Id.* (quoting *Robinson Helicopter Co.*, 34 Cal. 4th at 988). More specifically, plaintiff may recover purely economic loss in tort only where: (1) a product defect causes damage to "other property," defined as "property other than the product itself;" (2) plaintiff suffers personal injury; (3) defendant breaches a legal duty independent of the contract; or (4) a "special relationship" exists between the parties. *NuCal Foods, Inc.*, 918 F. Supp. 2d at 1028; *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 967 (S.D. Cal. 2014).

"'Economic loss generally means pecuniary damage that occurs through loss of value or use of the goods sold or the cost of repair together with consequential lost profits when there has been no claim of personal injury or damage to other property.'" *NuCal Foods, Inc.*, 918 F. Supp. 2d at 1028 (quoting *San Francisco Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 n.5 (Cal. Ct. App. 1995)); *see also Food Safety Net Services v. Eco Safe Systems USA, Inc.*, 209 Cal. App. 4th 1118, 1130 n.4 (Cal. Ct. App. 2012) (holding that "economic loss" consists of "damages for inadequate value, costs of repair and replacement of [a] defective product or consequent loss of profits – without any claim of personal injury or damages to other property").

Courts apply the economic loss rule to bar fraud claims where "the damages plaintiffs seek are the same economic losses arising from the alleged breach of contract." *Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009); *see also Alvarado Orthopedic Research, L.P. v. Linvatec Corp.*, 2011 WL 3703192, at *3

DOWNEY BRAND LLP

(S.D. Cal. Aug. 23, 2011). In such cases, permitting a fraud claim to proceed "would 'open the door to tort claims in virtually every case in which a party promised to make payments under a contract but failed to do so.'" *Id.* (quoting *Intelligraphics, Inc. v. Marvell Semiconductor, Inc.*, 2009 WL 330259, at *17 (N.D. Cal. Feb. 10, 2009)).

In *Stearns v. Select Comfort Retail Corp.*, a class action, plaintiffs sued the manufacturer and seller of certain beds for alleged mold growth on their products. *Stearns*, 2009 WL 1635931, at *1. Plaintiffs asserted fraud, amongst other claims. *Id.* at *1-2. Plaintiffs' claimed damages included repair and replacement costs. *Id.* at *3. Invoking the economic loss rule, the court held that "when 'a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only "economic" losses.'" *Id.* (quoting *Robinson Helicopter Co.*, 34 Cal. 4th at 988). Further, "'[t]he economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise.'" *Id.* (quoting *Robinson Helicopter Co.*, 34 Cal. 4th at 988). Accordingly, the court found that plaintiffs' damages related to the defects in the beds were based on "disappointed expectations" only and sought purely economic loss. *Id.*

Here, Plaintiffs' fraud claim seeks economic damages based on their disappointed expectations in the Systems only. Further, the damages sought pursuant to Plaintiffs' fraud claim are based on the same facts and damages as their breach of implied contract claim. Therefore, Plaintiffs' damages are barred by the economic loss rule.

In their breach of implied contract claim, the Newberrys specifically seek "*economic damages* consisting of costs to purchase the home system that they cannot use, and all other economic damages the Court deems necessary" and the Chans seek "*economic damages* consisting of (1) construction, installment and/or removal costs and/or replacement expenses, (2) loss of earnings (3) loss of business or employment opportunities, (4) costs of building permits, and costs of renewal of said building permits and (5) costs of the commercial system they cannot use, (6) loss of use as they cannot operate their business in a building without the air conditioning." *See* Am. Compl., ¶¶ 48-49 (emphasis added). These claimed damages are based

DOWNEY BRAND LLP

1    on the same facts and arise from the same alleged conduct underlying the fraud claim; and,

2    therefore, the fraud claim seeks the same economic losses arising from the breach of contract

3    claim.  Such alleged damages clearly qualify as pecuniary damages through loss of use of the

4    goods sold and the cost of repair, with consequential damages for lost profits, and are merely

5    based on Plaintiffs' disappointed expectations in the Systems.  *See NuCal Foods, Inc.*, 918 F.

6    Supp. 2d at 1028; *Food Safety Net Services*, 209 Cal. App. 4th at 1130 n.4; *Stearns*, 2009 WL

7    1635931, at *3.  Although Plaintiffs generally seek "non-economic damages in excess of the

8    jurisdictional limitations of this Court" in their prayer for relief, such a naked assertion clearly

9    fails to adequately plead any non-economic damages in order to avert application of the economic

10   loss rule.

11          The allegations in the Amended Complaint are clear that Plaintiffs seek recovery for

12   damages suffered from an alleged breach of a contractual consumer relationship between Lennox

13   and Plaintiffs.  Plaintiffs do not seek any non-economic damages, nor do they allege facts that

14   support any such damages.  Further, Plaintiffs fail to allege facts that would give rise to any of the

15   exceptions to the economic loss rule.  Plaintiffs do not allege any personal injury, damage to

16   property other than the allegedly defective solar panels, a legal duty independent of the alleged

17   contract, or a special relationship between the parties.

18          Therefore, because Plaintiffs' fraud claim only seeks economic damages, which are based

19   solely on Lennox's purported breach of an implied contract, the economic loss doctrine bars the

20   alleged damages sought in the fraud cause of action.  Accordingly, Plaintiffs fail to state a claim

21   for fraud and this Court should dismiss this cause of action.

22          **2.      Heightened Pleading Standard**

23          When alleging fraud or mistake, a plaintiff is subjected to the heightened pleading

24   standard under Federal Rule of Civil Procedure 9(b) and must state with particularity the

25   circumstances constituting fraud or mistake.  Fraud actions are subject to a stricter pleading

26   standard because they involve an attack on a defendant's character.  Therefore, the allegations of

27   fraud must be pled "with particularity" so that the court can weed out unmeritorious actions

28   ///

DOWNEY BRAND LLP

1   before a defendant is required to answer. *See Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 183 (Cal.

2   2003); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

3       In the Ninth Circuit, averments of fraud must be accompanied by the who, what, when,

4   where, and how of the misconduct charged. *Vess v. Ciba,* 317 F.3d 1097, 1106 (9th Cir. 2003)

5   (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "Rule 9(b) requires fraud claims to

6   be specific enough to give defendants notice of the particular misconduct which is alleged to

7   constitute the fraud charged, so that they can defend against the charge and not just deny that they

8   have done anything wrong." *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 990 (E.D. Cal. 2012)

9   (internal citations omitted). Therefore, a plaintiff must set forth more than the neutral facts

10  necessary to identify the transaction and must set forth what is false or misleading about a

11  statement, and why it is false. *See Vess*, 317 F.3d at 1106; *Kennedy v. World Alliance Financial*

12  *Corp.*, 792 F. Supp. 2d 1103, 1106 (E.D. Cal. 2011) ("These circumstances [of fraud] which must

13  be stated with particularity include the time, place, and specific content of the false

14  representations as well as the identities of the parties to the misrepresentations.")

15      **3.    *Plaintiffs Fail to Plead Fraud With Particularity.***

16      Here, Plaintiffs fail to meet the heightened pleading standard. Plaintiffs fail to adequately

17  plead the specific misrepresentations allegedly made by Lennox to Plaintiffs. Instead, Plaintiffs

18  assert conclusory and speculative allegations of fraud. For example, in the Amended Complaint,

19  Plaintiffs state that Lennox "expressly insured [sic] that the home and commercial systems they

20  sold to Plaintiffs would operate properly and pursuant to the NEC" and "made express assurances

21  to Plaintiffs that . . . a business is [sic] Sacramento, California was currently operating with them

22  at the time Plaintiffs purchased the systems." *See* Am. Compl., ¶¶ 59, 62. However, Plaintiffs

23  fail to plead facts setting forth the particular acts that constituted such express assurances to

24  Plaintiffs.

25      In addition, Plaintiffs are clear in the Amended Complaint that any alleged assurances

26  were not communicated to the Newberrys or the Chans. In the Amended Complaint, Plaintiffs

27  state that Lennox "made multiple representations *to Plaintiff T&M* assuring that the systems

28  would operate as advertised, and pass the NEC requirements." *Id.* at ¶ 11 (emphasis added).

DOWNEY BRAND LLP

1  Further, in the Amended Complaint, Plaintiffs state that Lennox "told *Plaintiff T&M* that a

2  company in Sacramento, California was operating with these systems in place." *Id.* (emphasis

3  added).

4         Finally, Plaintiffs allege that Lennox made certain representations on an inspection form

5  completed by T&M prior to the installation of any Systems. *See id.* at ¶ 22. However, any

6  representations made on such a form were communicated to T&M only, as the form was

7  concededly completed by T&M as a part of their inspection. Such communications made to co-

8  Plaintiff, T&M, clearly do not represent fraudulent misrepresentations against Plaintiffs, the

9  Newberrys or the Chans.

10        The only alleged representations made directly to Plaintiffs arise from certain

11 "presentations" made by representatives of Lennox. However, such allegations fail to specify the

12 who, what, when, where, and how of the alleged misconduct. Instead, Plaintiffs simply allege

13 that Lennox representatives "guaranteed the products [sic] success," "guarantee[d] the product in

14 advance," and "stood by their product 100%." *Id.* at ¶¶ 18, 21. Such assertions certainly do not

15 provide the requisite level of detail required to meet the heightened pleading standard. For

16 example, Plaintiffs fail to allege what Lennox specifically "guaranteed" the Systems would do or

17 what aspects of the product Lennox "stood by."

18        Plaintiffs further fail to plead any facts whatsoever establishing that Defendant made its

19 purported representations with the intent that Plaintiffs rely on same. In addition, with the

20 exception of a general assertion that "Defendant knew or should have known that the product, had

21 not passed the NEC and therefore was not operable as advertised," Plaintiffs have failed to plead

22 any specific facts that would even give rise to an inference that Lennox knew the content of their

23 purported representations were false. *Id.* at ¶ 63.

24        Plaintiffs' fraud claim does not provide the specificity required to give Defendant notice

25 of the particular misconduct which is alleged to constitute the fraud charged, so that it can defend

26 against the charge. Therefore, because Plaintiffs fail to meet the heightened pleading standard,

27 they fail to state a claim for fraud, and this Court should dismiss Plaintiffs' fraud claim.

28 ///

DOWNEY BRAND LLP

1

### IV.    CONCLUSION

2       In the Amended Complaint, Plaintiffs have asserted causes of action for breach of implied

3   contract, breach of warranties, and fraud.  However, all of Plaintiffs' claims fail to state a claim

4   upon which relief can be granted.  Therefore, this Court should dismiss all claims of Plaintiffs, the

5   Newberrys and the Chans, pursuant to Federal Rule of Civil Procedure 12(b)(6).

6   DATED:  January 7, 2015                    DOWNEY BRAND LLP

7

8                                   By:_____ /s/ Matthew J. Weber _____

9                                            MATTHEW J. WEBER
                                            Attorney for Defendant
10                                           LENNOX INTERNATIONAL INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOWNEY BRAND LLP