UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T&M SOLAR AND AIR CONDITIONING, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LENNOX INTERNATIONAL INC.,<br><br>Defendant. | Case No. 14-cv-05318-JSC<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 25 |

Plaintiffs T&M Solar and Air Conditioning Inc. ("T&M"), Jeremy and Sabrina Newberry ("the Newberrys"), and Andrew and Maitho Hayzel Chan ("the Chans," and collectively, "Plaintiffs") seek to recover damages from Defendant Lennox International ("Defendant") in connection with Plaintiffs' purchase of solar panels from Defendant. Defendant contends that all of Plaintiffs' causes of action fail to state a claim upon which relief may be granted and therefore must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 25, 26.) In addition, Defendant has moved to dismiss T&M's claims pursuant to Rule 12(b)(3), for improper venue, or to transfer this action to the Northern District of Texas pursuant to 28 U.S.C. § 1406(a), on the ground that a contract between Defendant and T&M contains a forum selection clause mandating that all litigation between these two parties occur in Dallas County, Texas. (*See* Dkt. No. 19 at 10.) T&M objects that any such clause binds the parties, and in any event contends that transfer would be inconvenient, unreasonable and unjust. (Dkt. No. 28 at 6.)

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a case for improper venue. Venue is generally proper in a district where, among other things, "a substantial part of the events . . . giving rise to the claim occurred" and where the defendant corporation does business. 28 U.S.C. § 1391(b)(2), (c). However, as the Supreme Court recently

explained in *Atlantic Marine Construction Co. v. United States District Court*, 134 S. Ct. 568 (2013),

> [w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C. §] 1391(b).  If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a).  Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b).  As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).

*Id.* Thus, Rule 12(b)(3) is "not [the] proper mechanism[ ] to enforce a forum-selection clause[;]" rather, "[Section] 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms." *Id.*; *Niburutech Ltd. V. Jang*, --- F. Supp. 3d ----, No. C 14-3091 PJH, 2014 WL 6790031, at *1 (N.D. Cal. Dec. 2, 2014); *see, e.g.*, *Monastiero v. appMobi, Inc.*, 15 F. Supp. 3d 956, 959-60 (N.D. Cal. 2014); *Marcotte v. Micros Systs., Inc.*, No. C-14-01372 LB, 2014 WL 4477349, at *5-6 (N.D. Cal. Sept. 11, 2014).

When a case concerns an enforcement of a forum selection clause, section 1404(a) provides a mechanism for its enforcement and "a proper application of § 1404(a) requires that a [valid] forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Mar. Contr. Co.*, 134 S. Ct. at 579 (internal quotation marks omitted).  In other words, where there is a valid forum selection clause in a contract between the parties, "the interest of justice" is best served by giving effect to the parties' bargain.  *Atl. Mar.*, 134 S. Ct. at 581.  The Supreme Court recognized that "[its] analysis presupposes a contractually valid forum[ ]selection clause." *Id.* at 579 & n.5.  In the Ninth Circuit, "[a] forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009).  Thus, if there is a valid forum selection clause, then the Plaintiff bears the burden of showing exceptional circumstances unrelated to the convenience of the parties that make transfer inappropriate.  *Atl. Mar.*, 134 S. Ct. at 581;*see also Rowen v. Soundview Commc'ns, Inc.*, No. 14-cv-05530-WHO, 2015 WL 899294, at *3 (citations omitted); *Bayol v. Zipcar, Inc.*, No. 14-cv-02483-THE, 2014 WL 4793935, at *1 (N.D. Cal. Sept. 25, 2014).

1    Here, the sole basis on which Defendant seeks to transfer venue is that the forum selection
2 clause so requires.  In other words, Defendant never contends that venue is improper in this
3 District pursuant to Section 1391, and indeed, venue appears to lie here under this statute as "a
4 substantial part of the events . . . giving rise to the claim occurred" in the Northern District of
5 California and Defendant did business in this District.  28 U.S.C. § 1391(b)(2), (c).  Thus, it
6 appears that dismissal or transfer for improper venue is not required under Rule 12(b)(3) or
7 Section 1406(a).  Neither party has used the proper standard to be applied in a motion where, as
8 here, a forum selection clause designates a different domestic forum—that is, an analysis of
9 Section 1404(a) that considers (1) whether there is a valid forum selection clause and (2) whether
10 exceptional circumstances unrelated to the convenience of the parties makes transfer
11 inappropriate.  *See Atl. Mar.*, 134 S. Ct. at 581.

12    Accordingly, it is hereby ORDERED that the parties shall submit, by March 16, 2015,
13 supplemental briefing on the propriety of transfer under Section 1404(a) given the alleged forum
14 selection clause at issue here.

15    **IT IS SO ORDERED.**

16 Dated: March 9, 2015

        Jacqueline Scott Corley
        United States Magistrate Judge