UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T&M SOLAR AND AIR CONDITIONING, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LENNOX INTERNATIONAL INC.,<br><br>Defendant. | Case No. 14-cv-05318-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 25, 26 |

Plaintiffs T&M Solar and Air Conditioning Inc. ("T&M"), Jeremy and Sabrina Newberry ("the Newberrys"), and Andrew and Maitho Hayzel Chan ("the Chans," and collectively, "Plaintiffs") seek to recover damages from Defendant Lennox International ("Defendant") in connection with Plaintiffs' purchase of solar panels from Defendant.[1] Specifically, Plaintiffs allege that they purchased Defendant's solar panels because they were marketed to work through air conditioning systems, rather than through electrical panels, but they were unable to install the solar panels through their air conditioning systems as promised. The Court granted in part Defendant's motion to dismiss the First Amended Complaint ("FAC"), concluding that Plaintiff failed to state a claim for breach of implied contract, breach of the implied warranty of fitness for a particular purpose, and fraud, but granted Plaintiff leave to amend these claims. *See T&M Solar & Air Conditioning, Inc. v. Lennox Int'l, Inc.*, --- F. Supp. 3d ----, No. 14-cv-05318-JSC, 2015 WL 1289497, at *18 (N.D. Cal. Mar. 19, 2015). Plaintiffs have since filed a Second Amended Complaint ("SAC"). (Dkt. No. 46.) Defendant appears to concede that the breach of implied contract and implied warranty of fitness for a particular purpose are now adequately pled, but

---

[1] Plaintiff also sues a number of Doe defendants believed to be agent and employees of Lennox. (*See* Dkt. No. 16 ¶¶ 6-7.)

moves to dismiss the amended fraud claim, contending that the newly added allegations fail to cure the defects identified in the Court's Order dismissing that count from the FAC. (Dkt. No. 50.) The Court finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 71(b). Having considered the parties' submissions and the relevant legal authority, the Court GRANTS IN PART Defendant's motion to dismiss the fraud claim but grants Plaintiff one last opportunity to amend as set forth below.

## BACKGROUND

The factual background of this case was detailed in the Court's Order granting in part Defendant's motion to dismiss the FAC, which the Court incorporates here in full. *T&M Solar & Air Conditioning, Inc.*, 2015 WL 1289497, at *1-3. This action pertains to Defendant's sale of solar panel systems to a number of T&M customers. In the SAC, Plaintiffs bring four claims: breach of contract, breach of oral contract, breach of warranties, and fraud. The Court will not reiterate the entire factual background here. Suffice it to say that the fraud claim arises out of Defendant's alleged misrepresentations that the solar panel systems would operate properly pursuant to the National Electric Code, that another business was already using the systems in Sacramento, and that Defendant would reimburse Plaintiffs for the product or otherwise make changes to bring it into National Electric Code compliance, but these statements were all intentionally false.

## DISCUSSION

Defendant contends that Plaintiffs' amended fraud claim still is not actionable under the "economic loss" rule, and that the claim otherwise fails to state a claim because it is not pleaded with particularity.

### A.   Heightened Pleading Standard

The elements of a California fraud claim are: (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, *i.e.*, to induce reliance, (4) justifiable reliance, and (5) resulting damage. *Lazar v. Sup. Ct.*, 12 Cal. 4th 631, 638 (1996). "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action." *Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 156 (1996). In addition, fraud

1  claims must meet the particularity requirements of Federal Rule of Civil Procedure 9(b), which
2  states: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances
3  constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind
4  may be alleged generally." Fed. R. Civ. P. 9. Thus, the Ninth Circuit has held that, "while a
5  federal court will examine state law to determine whether the elements of fraud have been pled
6  sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud
7  must be stated with particularity is a federally imposed rule." *Vess v. Ciba-Geigy Corp. USA*, 317
8  F.3d 1097, 1103 (9th Cir. 2003). In other words, "[a]verments of fraud must be accompanied by
9  'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*,
10 567 F.3d 1120, 1124 (9th Cir. 2009). With respect to "the who," "Rule 9(b) requires fraud claims
11 to be specific enough to give defendants notice of the particular misconduct which is alleged to
12 constitute the fraud charged, so that they can defend against the charge and not just deny that they
13 have done anything wrong." *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 990 (E.D. Cal. 2012)
14 (internal citation omitted). This requires stating with particularity "the identities of the parties to
15 the misrepresentations." *Kennedy v. World Alliance Fin. Corp.*, 792 F. Supp. 2d 1103, 1106 (E.D.
16 Cal. 2011). Moreover, when the complaint highlights a particular statement as false, it must also
17 "set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc.*
18 *Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Notably, to qualify as a misrepresentation, the
19 complaint must allege facts sufficient to plausibly establish that the statement was false when
20 made. *Id.*; *see also Richardson v. Reliance Nat'l Indem. Co.*, No. C-99-2952-CRB, 2000 WL
21 284211, at *4 (N.D. Cal. Mar. 9, 2000). Mere conclusory allegations of the statement's falseness
22 are insufficient. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548.
23     While the Court found the "what" to be adequately pleaded—that is, the FAC sufficiently
24 identified the purported misrepresentations—it noted a number of defects in the pleading.
25 Defendant urges that the allegations added to the SAC fail to cure these pleading defects.
26 Plaintiffs, for their part, urge that sufficient new information has been alleged, but at the same time
27 offer additional facts in their opposition in support of some of the pleading defects. The Court
28 will address "the who, what, when, where, and how" of the alleged misconduct as it did in its

United States District Court
Northern District of California

1    earlier Order on the FAC, as all five categories of information must be alleged adequately to
2    comply with Rule 9(b).  *See Kearns*, 567 F.3d at 1124.

3          First, in its Order dismissing the fraud claim in the FAC, the Court found the "when"
4    lacking because "the only mention of timing that occurs anywhere in the FAC is that
5    representatives of Defendant began working with T&M in July of 2013." *T&M Solar & Air*
6    *Conditioning, Inc.*, 2015 WL 1289497, at *17.  The SAC now contains more detail regarding
7    timing.  Specifically, the SAC makes clear that the parties first began their negotiations in January
8    2013, with an in-person meeting in Arkansas; that Plaintiffs discovered the product did not work
9    as promised in October 2013; that Defendant sent representatives to meet with the Chans and
10   Newberrys in June and August/September 2013 respectively; and that from October 2013 to
11   December 2013 Defendant admitted its products were not NEC compliant and made
12   misrepresentations about taking responsibility for the defect and reimbursing Plaintiffs.  (*See, e.g.*,
13   Dkt. No. 46 ¶¶ 25, 62, 64, 65, 66, 73.)  Thus, the "when" is now sufficiently alleged for the
14   purposes of complying with Rule 9(b).

15         Next, the Court found the "who" insufficient in the FAC because Plaintiffs "attributed
16   some statements to particular employees of Defendant . . . but simply refer to Defendant
17   generally" for others.  *T&M Solar & Air Conditioning, Inc.*, 2015 WL 1289496, at *17.
18   Defendant concedes that Plaintiff's SAC now adequately attributes each statement to particular
19   Lennox employees, and the Court agrees.  Trying a different tack, however, Defendant urges that
20   Plaintiffs have failed to allege that the individuals who made the representations had authority to
21   speak on behalf of the corporation.  When alleging that a corporation has engaged in fraud, the
22   plaintiff must plead that any given individual who made a misrepresentation had "authority to
23   speak" on behalf of the corporation.  *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App.
24   4th 153, 157 (1991).  Here, the SAC states that the individuals who made the purported
25   misrepresentations were "representative[s], employee[s] and/or agent[s]" of Defendant
26   corporation, and/or Defendant specifically sent the representatives to meet with Plaintiffs when the
27   purported misrepresentations were made.  (Dkt. No. 46 ¶¶ 17, 20, 21, 62.)  These statements, when
28   viewed in the light most favorable to Plaintiffs, sufficiently allege that the misrepresentations were

4

1 made by persons with authority to do so.

2   The Court also found the "where" lacking for a number of the purported misrepresentations in the FAC. *T&M Solar & Air Conditioning, Inc.*, 2015 WL 1289497, at *17. Defendant now contends that the SAC fails to allege the "where" of three particular purported misrepresentations. First, Defendant urges that the SAC fails to allege a location where Lennox representative Tom Dowing twice told the Chans and the Newberrys that Defendant Lennox would reimburse them. (*See* Dkt. No. 46 ¶ 71.) The SAC does not include a "where" for this statement—relatedly, the "how" is also missing, as discussed below. In their opposition, Plaintiffs insist that these were in-person communications at the Chan's and Newberry's homes, but the Court cannot consider such facts when ruling on a motion to dismiss. Likewise, the SAC does not state where Lennox representatives Stu Quinn and Peter Martinez both made false oral representations to Mark Mattson at T&M that there was a company in Sacramento. And again, in the opposition Plaintiffs assert for the first time that this statement occurred in San Diego outside a Parts Plus store. While this information will be sufficient to state the "where" of these misrepresentations, it is not in the current SAC. Thus, the Court will grant Plaintiff leave to amend to include this information.

  Similarly, the Court found the "how" wanting in the FAC because "with exception of statements made at presentations for the Newberrys and the Chans, the FAC [was] devoid of facts indicating whether the statements were made in person, in writing, on the telephone, in email, or in some other manner." *T&M Solar & Air Conditioning, Inc.*, 2015 WL 1289497, at *17. The SAC does not cure this defect with respect to two particular misrepresentations, although it adequately pleads misrepresentations in in-person meetings and telephone conversations for the remaining statements. Specifically, in the SAC Plaintiffs allege that "Dowing . . . told the Chans and the Newberrys that Defendant Lennox would reimburse them" and that Lennox representatives "Stu Quinn and Peter Martinez both made false oral representations to Mark Mattson at T&M that there was a company in Sacramento" operating the solar panel systems successfully and in accordance with the NEC. The "how" is thus wanting as to these misrepresentations. Plaintiffs have identified facts that would allow them to cure this minimal

defect: that the Dowing statement was spoken aloud (though it is unclear whether this was an in person or telephonic statement), and that the Quinn/Martinez misrepresentations were made in person. (*See* Dkt. No. 59 at 9.) Although the Court cannot consider these facts in deciding whether the SAC states a claim as they were not alleged therein, they are relevant to Plaintiffs' ability to successfully amend. In light of these statements, the Court will grant Plaintiffs leave to amend their fraud claim to allege the particular manner in which the statements were made as set forth above.

The Court also noted that the FAC alleged intent and knowledge generally with respect to certain alleged misrepresentations but not for others. *T&M Solar & Air Conditioning, Inc.*, 2015 WL 2859497, at *17. Although Plaintiffs now urge that "[t]he mere allegation in the [SAC] that the Systems never passed the NEC proves [ ] falsity[,]" (Dkt. No. 59 at 11), such is not the case. To the contrary, that a representation turned out to be false does not mean that the statement was false when made. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1548; *Richardson*, 2000 WL 284211, at *4. But Plaintiffs have adequately pleaded intent and knowledge with respect to the purported misrepresentations that the systems were NEC compliant and operable in California: the SAC alleges that Defendant admitted to knowing that the systems were not NEC approved when they represented that they were. (Dkt. No. 46 ¶ 73.) In addition, the SAC sufficiently alleges intent to induce reliance by noting that these statements about NEC compliance and operability were made "in an effort to secure [ ] business" from Plaintiffs. (*Id.* ¶ 65.)

However, Plaintiffs have failed to prove falsity and intent to induce reliance as to the purported misrepresentations regarding Defendant's promise to reimburse Plaintiffs for any costs associated with bringing the systems into compliance or refunding their efforts to do so themselves. The SAC does not allege any facts that give rise to a plausible inference that these statements were false when made or made with intent to induce Plaintiffs' reliance.

Thus, Plaintiffs shall have another opportunity to amend the complaint to add allegations to cure the defects mentioned above.

**B.     Economic Loss Rule**

As the defects described above only apply to some of the alleged false statement and, in

1  any event, it appears the minor defects identified above can be cured, the Court will address
2  Defendant's economic loss rule argument in an effort to avoid another motion to dismiss. Under
3  California's economic loss rule, to recover in tort for damages caused by a defective product, a
4  plaintiff must demonstrate personal injury or damage to property other than the product itself.
5  *Jimenez v. Sup. Ct.*, 29 Cal. 4th 473, 483 (2002); *Aas v. Sup. Ct.*, 24 Cal. 4th 627, 635-36 (2000).
6  Thus, "[g]enerally, purely economic losses are not recoverable in tort." *NuCal Foods, Inc. v.*
7  *Quality Egg. LLC*, 918 F. Supp. 2d 1023, 1028 (E.D. Cal. 2013). The purpose of the rule is to
8  prevent "the law of contract and the law of tort from dissolving one into the other." *Robinson*
9  *Helicopter Co. v. Dana Corp.*, 344 Cal. 4th 979, 988 (2004).

However, a breach of contract may give rise to tort liability when

> (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion; or (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm in the form of mental anguish, personal hardship, or substantial consequential damages.

*Id.* at 990 (citation omitted). Thus, "[c]laims of fraud and intentional misrepresentation that are independent of a breach of contract are not subject to the economic loss rule." *Rejects Skate Magazine, Inc. v. Acutrack, Inc.*, No. C 06-2590 CW, 2006 WL 2458759, *4 (N.D. Cal. Aug. 22, 2006) (citation omitted). Put another way, where there has been intentional misconduct, the economic loss rule does not apply. *See Noll. v. eBay Inc.*, No. 5:11-CV-04585-EJD, 2013 WL 2384250, at *6 (N.D. Cal. May 30, 2013); *see also Oracle Am., Inc. v. Serv. Key, LLC*, No. C 12-00790 SBA, 2012 WL 6019580, at *9 n.5 (N.D. Cal. Dec. 3, 2012) ("[T]o maintain a fraud claim based on the same factual allegations as a breach of contract claim, a plaintiff must show that 'the duty that gives rise to tort liability is either completely independent of the contract *or arises from conduct which is both intentional and intended to harm*." (emphasis added)). For example, in *Robinson Helicopter*, the court found that the economic loss rule did not apply partly because the defendant separately made affirmative misrepresentations to the plaintiff.[2] 34 Cal. 4th at 991.

---

[2] In contrast, where a fraud claim arises only out of "representations that [defendant] was adhering to the contract[,]" it cannot form the basis of a separate fraud claim. *JMP Sec. LLP v. Altair*

7

This was so despite the fact that the alleged misrepresentations occurred during the course of the parties' contractual relationship.  *See id.*  So it is here.

## CONCLUSION

For the reasons described above, the Court GRANTS IN PART Defendant's motion to dismiss as set forth above, but grants Plaintiffs leave to amend to include the additional facts alleged in its opposition to the instant motion to dismiss and any other facts that support the identified misrepresentations.  Plaintiffs shall have leave to file a third amended complaint by June 25, 2015.  Failure to file a third amended complaint may result in dismissal of the claim as to the specific misrepresentations not alleged with the required particularity with prejudice.  The case management conference will be held July 9, 2015 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated:  June 11, 2015

_____
Jacqueline Scott Corley
United States Magistrate Judge

---

*Nanotechs. Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012).

8